FILED IN CLERK'S OFFICE
U.S.D.C. - Gainesville

JUN 22 2007

JAMES N. HATTEN, Clerk
By: /s/ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

JENNIFER P. CLARK, and
LARRY H. CLARK,
   PLAINTIFFS,

VS.

JASON J. DEAL,
   DEFENDANT.

Case No.: 2 07-CV-0071-WCO

## COMPLAINT

COMES NOW, JENNIFER P. CLARK AND LARRY H. CLARK, the Plaintiffs in the above-styled case, and in support of this Complaint submit the following:

1. That the Plaintiff, JENNIFER P. CLARK, is over the age of 19 years and a resident of the state of Alabama. She is also a licensed attorney in good standing in the state of Alabama.

2. That she holds power of attorney over the affairs of Plaintiff LARRY H. CLARK, who is a plaintiff in certain pending litigation in the Superior Court of Hall County, 2003-CV-2830-C.

3. That the defendant, JASON J. DEAL, is over the age of nineteen years, and is a resident of the state of Georgia.

4. That after the Plaintiffs filed a Complaint against the defendant with the Judicial Qualifications Commission, he recused himself from the state proceedings giving rise to this Complaint.

5. That this Court retains jurisdiction over this cause of action based upon diversity of citizenship and amount in controversy.

## COUNT I.   DEFAMATION

6. The Defendant holds the position of Superior Court Judge of the Northeastern Judicial Circuit, Hall County Georgia, and is the author of the Court Order dated July 14 and 15, 2006, denying Plaintiff's Application For Admission, pro hac vice.

7. That the statutory ante litem notice required under O.C.G.A. §50-21-26 notice has been timely filed on May 23, 2007, and the ninety (90) day wait period required under that statute runs August 21, 2007.  Out of an abundance of caution, the Plaintiff filed a second ante litem notice on June 11, 2007, raising the constitutional issues addressed in this Complaint.

8. That the defendant, JASON J. DEAL, via the above-referenced Court Order, acted outside of his personal and subject matter jurisdiction when he authored defamatory allegations pertaining to the Plaintiff's professional conduct which were calculated to injure by refusing to allow her to represent her client's interests in pending litigation.  That Court Order reads, in pertinent part, as follows:

> "Reviewing the procedural history of the instant matter, Plaintiff filed this suit for damages on October 30, 2003.  Thereafter, Ms. Clark was permitted to appear pro hac vice by Order of the Court dated November 12, 2003.  The court notes that since that time, the proceedings have been marked by combative behavior between the parties as well as repeated delay in progression of discovery, scheduling of mediation

and compliance with the Court's instructions. The parties have been admonished by the undersigned and Judge John E. Girardeau, to whom the case was formerly assigned, through recurring orders of contempt, protective orders and orders compelling discovery or quashing discovery motions.

Based on the foregoing Order unequivocally revoking Ms. Clark's pro hac vice status, and the Court's review of Ms. Clark's involvement in the above-styled case prior to this Court revoking her permission to appear, the Application is hereby DENIED."

9. The allegations in said court order are false and defamatory. The Plaintiff has never been combative in a courtroom in this nor any other jurisdiction. The Plaintiff was never the cause of delay in the progression of discovery, scheduling of mediation and has never failed to obey a legitimate court order.

10. The Plaintiff's pro hac vice status has never been revoked in the jurisdiction of the Hall County Superior Court, or any other jurisdiction.

11. Moreover, the Plaintiff has never been held in contempt of court in the jurisdiction of the Hall County Superior Court, nor any other jurisdiction.

12. That the above-referenced court order is a matter of public record in the Hall County Courthouse in the file of 2003-CV-2830-C.

13. That the above-referenced court order dated July 14 and 15, 2006, was libelously published with the State Bar of Georgia and to other attorneys.

14. The Plaintiff asks for damages in the amount of $75,000.00 as a result of the defamatory, and/or slanderous and/or libelous statements made and published by the defendant.

COUNT II.   DEPRIVATION OF PLAINTIFF'S FUNDAMENTAL RIGHT TO DUE PROCESS AND EQUAL PROTECTION OF LAW

15. That Paragraphs 1 and 2 are realleged and reincorporated as if fully set forth in this paragraph.

16. That on July 14 and 15, 2006, the Defendant deprived Plaintiff of due process of law when he wrote his order denying her pro hac vice application. The defendant's order was based upon lies and contained defamatory content which was brought to Deal's immediate attention, however he refused to correct the record. Said order deprives Plaintiff's constitutional right to apply for pro hac vice admission and have said motion duly considered under equal protection standards as afforded by the Fifth and Fourteenth Amendments to the United States Constitution.

17. That the defendant's order dated July 14 and 15, 2006, denied Larry Clark the opportunity to have counsel of his choosing, thereby denying him of due process and equal protection of the law as afforded by the Fifth and Fourteenth Amendments to the United States Constitution.

18. That on June 4, 2007, the Defendant asserted the position that he would vacate said order under the following conditions:

> "Judge Deal would consider a vacation of the Order acceptable as long as the underlying motion remains denied. In other words, Judge Deal would accept a vacation of the language in the Order about which Ms. Clark has complained, but not a reversal of the result of the order. As a counter-proposal, Judge Deal suggests he would accept a total vacation of the Order if the underlying Motion for Admission Pro Hac Vice is withdrawn and if Ms. Clark and Mr. Clark personally agree that Ms. Clark will not seek readmission pro hac vice in the Flowery Branch case.
>
> I have informed Richard Carothers, counsel for the defendants in the Flowery Branch case, of Ms. Clark's proposal about vacating the Order. He has indicated to me a strong desire to be heard on this issue before any action is taken by the Court."

19. Despite the false allegations in his order denying Plaintiff's Application for Admission Pro Hac Vice, the defendant's position in his letter of June 5, 2007 demonstrates his continued effort to deprive the Plaintiff of her fundamental right to due process and equal protection of law as afforded by the Fifth and Fourteenth Amendments to the United States Constitution by demanding that Plaintiff's Application remain denied.

20. The defendant's position in his letter of June 5, 2007, demonstrated Deal's continued effort to deprive Larry Clark of the opportunity to have counsel of his choosing.

21. The defendant apparently thought it necessary to consult with counsel for the City of Flowery Branch, as referenced in his letter dated June 5, 2007. Such communication demonstrates a bias in favor of the City of Flowery Branch, and constitutes an inappropriate conversation regarding a case that remains pending in Hall County Superior Court.

22. His conversation with opposing counsel as indicated in his letter of June 5, 2007, demonstrates an adversarial position against Larry Clark's interests in a case over which he had the obligation to act as a fair and impartial magistrate. His order based upon lies, his refusal to correct the record and his demand that said Application remain denied regardless of truth demonstrates Deal's intent to deprive both Jennifer Clark and Larry Clark of their fundamental rights to due process and equal protection of law.

23. The Plaintiff's hereby make demand for damages as allowed by law including presumed, punitive and compensatory damages in the amount of $5,000,000.00.

24. The Plaintiffs demand trial by jury.

Respectfully submitted,

JENNIFER P. CLARK, Pro Se
Alabama State Bar No. (CLA075)
And with Power of Attorney

Over the affairs of LARRY H. CLARK
222 Dearborn Street South
Mobile, Alabama  36602
251-432-7977 - Telephone
251-432-7978 - Facsimile

The defendant is to be served by personal service via the Hall County Sheriff's Office at the following address:

Jason J. Deal
Hall County Courthouse
225 Green Street
Gainesville, Georgia  30501-3717